[Civ. No. 9824.   Third Dist.   Mar. 13, 1961.]

CHARLES PAOLI, Appellant, v. ALBERT CASENTINI
et al., Respondents.

Wexler & Wexler and Louis E. Wexler for Appellant.

Burt W. Busch and Bruce B. Bruchler for Respondents.

VAN DYKE, P. J.—This is an appeal by plaintiff from a judgment in favor of defendants and cross-complainants in an action brought by plaintiff to quiet title to Lot 14 of Block B in Loch Lomond Subdivision Number 1 in Lake County.

Mr. and Mrs. Robert Prather were the owners of land near Clear Lake. They filed a subdivision map of the area. They conveyed the entire subdivision to the Lake County Title Company, the plan apparently being that Mr. Prather would sell the lots in the subdivision and upon his order the title company would act as transfer agent to convey the lots as ordered. There was a bank of lots in Block B of the subdivison, numbered in series 12 to 15, inclusive, of which Lot 15 had been sold to one Stefani. Albert Casentini, dealing with Prather, was shown the lot next to Stefani's lot, which was Lot Number 14, and he undertook to buy it for $250. At that time there were no visible signs on the ground indicating the number of any of these lots but there is no doubt that the lot he was shown, and the lot he then undertook to buy was Lot Number 14. A short while later he was shown a lot in the same bank of lots about 100 feet from the one he had engaged to buy, and he undertook to buy that lot also. However, his wife objected to the purchase of more than one lot and he attempted to turn over his contract to various relatives. None of them would buy, so he approached a long-time friend, Mr. Charles Paoli, plaintiff and appellant herein, telling him that he was buying one lot and had engaged to buy a second; that he did not want to go forward with the second purchase; that the lot was an attractive one in an attractive residential subdivision and would be a good investment at the price. Without going to see the property, Paoli agreed with Casentini that he would take the lot off his hands and it was understood between them that Casentini would inform Prather of the new situation with respect to the second lot. Casentini told Prather to proceed with the sale of that lot to Paoli. Accordingly, Prather ordered the title company to close the Paoli sale. Prather made a mistake as to both lots in that he ordered the title company to convey Lot 14 to Paoli when he should have ordered the conveyance of Lot 12 to him. He also ordered the title company to convey Lot 12 to Casentini. Thus Paoli received a deed to the lot Casentini had agreed to buy and Casentini received a deed to the lot Paoli had agreed to buy. Neither Paoli nor Casentini had any knowledge of the numbering of the lots according to the subdivision map and it appears that neither of the two men learned of the number-

ing, nor of Prather's mistake, until some 13 years later. After the deeds were delivered both Paoli and Casentini left the lots unimproved, but paid the taxes on them, each believing that the deeds and the yearly tax assessments in accordance therewith complied with the original intentions they had had as to which lot each was purchasing. However, after 13 years, Casentini decided to build upon Lot 14, which he believed he owned, although, of course, knowing that his deed described it as Lot 12. Accordingly, he made a contract with a builder for the erection of a home costing about $5,000 and during his absence the contractor started to build on Lot 12. When he had gotten the pit for a septic tank dug, and had also dug the trenches for laying concrete foundations, Stefani arrived on the scene and told the contractor he was on the wrong lot. Accordingly, the builder left Lot 12 in the condition it was in and proceeded to build on the lot next to Stefani's, which had in fact been conveyed to Paoli. The building was completed and in due time Paoli received from the county assessor a statement for taxes, which showed a sudden increase over the taxes he had been paying and indicated that there was an improvement on the lot. He took the matter up with his friend Casentini and Casentini on inquiry discovered that the legal title to Lot 14 upon which his house had been built was in Paoli while he had legal title to Lot 12 which was vacant. Casentini endeavored to exchange lots with Paoli, but Paoli refused and brought suit to quiet title to Lot 14 upon which Casentini had built his house.

The trial court, deeming the situation was the result of mutual mistake between the two men, ordered Paoli to convey Lot 14 to Casentini, and ordered Casentini to convey Lot 12 to Paoli.

We think the court was justified in finding that the transfers were the result of mutual mistake of the parties and that it was proper for equity to decree that appropriate transfers in accordance with the intentions of the parties be made between them. There is no doubt from the evidence that the first lot which Casentini engaged to purchase from Prather was Lot 14 which was next to the lot of his friend Stefani; that it was the lot which he and Prather stood upon as they bargained for the first purchase, and that, not knowing the number, Casentini depended upon Prather to order out the proper deed from the title company. There is no doubt that when Paoli dealt with Casentini he knew that Casentini had engaged to purchase two lots and was in the process of taking

title. While he did not go to see either lot, nor to view the subdivision and the general location, he was content to hazard the sum of $300, the price of Lot 12, without investigation. Clearly he left it to Casentini to deal with Prather for a substitution of himself in place of Casentini in the purchase of the second lot, for he was told that Casentini, having engaged to purchase one lot, had thereafter engaged to purchase a second lot and that it was this second lot which Casentini was persuading Paoli to take. Under these circumstances Paoli in fact agreed to take this second lot, and left it to Casentini to deal further with Prather so that a proper deed would be executed to him. Prather stood as the common agent of both to order out the title in accordance with their understandings. He was the common agent of both, he made the mistake and the mistake was, therefore, the mutual mistake of the parties.

During the course of the trial Casentini was asked to relate to the court the facts and circumstances we have hereinbefore recited in proof of the allegations of the cross-complaint that a mutual mistake of the parties had been made. It was objected that since many of these conversations were between Casentini and Prather without the presence of Paoli they were objectionable as not being binding on Paoli. The objection was overruled and the testimony was received. In view of the dealings between Casentini and Paoli concerning the purchase of the second lot, it was proper to show that Paoli, agreeing to purchase the second lot, had left it to Casentini to deal with Prather in accomplishing the substitution of Paoli for Casentini in the purchase of that lot. The dealings thereafter between Casentini and Prather were properly admissible against Paoli since Paoli had authorized Casentini to conduct those negotiations. There was therefore no error in receiving evidence of the transactions between Casentini and Prather out of the presence of Paoli.

The judgment appealed from is affirmed.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied April 11, 1961, and appellant's petition for a hearing by the Supreme Court was denied May 10, 1961.